SAMUEL WOLFSON v. L. ZIMMERMAN AND ANOTHER.[1]

January 28, 1916.

Nos. 19,585—(144).

**Untenantable premises.**

1. The evidence supports the finding of the trial court, that the premises leased by plaintiff to the defendants were so injured and damaged

[1] Reported in 156 N. W. 119.

by fire occurring without their fault, as to be untenantable and unfit for occupancy.

**Tenants' possession until adjustment of fire loss.**

2. Neither the evidence nor the findings justify the conclusion that defendants, by remaining in possession of the store pending an adjustment of their loss, waived their right to terminate the tenancy.

Action in the municipal court of Minneapolis to recover $320 rent for the months of January and February, 1915. The answer set up the clause in the lease which is quoted in the opinion, alleged that the building was partially destroyed by fire on December 20, 1914, and defendants' stock of merchandise was removed from the premises on January 30, 1915. As soon as the loss was adjusted and on that day defendants surrendered the premises because of their untenantable condition. The case was tried before Montgomery, J., who made findings and ordered judgment for $160. From an order denying his motion to amend the conclusions of law or for a new trial, plaintiff appealed. Affirmed.

*Josiah E. Brill* and *M. Rose,* for appellant.
*Charles B. Holmes,* for respondents.

SCHALLER, J.

The plaintiff by a written lease demised to the defendants the front part of the first floor or store room of the building known as 111 Nicollet avenue in Minneapolis. The premises were leased for a "retail store of clothing, jewelry, and pawnshop." The term began August 11, 1914, and expires April 30, 1917. The rental for the term was $1,920, payable at the rate of $160 on or before the first day of each month, in advance.

Defendants entered upon the premises August 10, 1914, and carried on the business of selling clothing, jewelry, etc., at retail. They continued to occupy the premises until January 30, 1915. On December 20, 1914, a fire occurred in the store, damaging the building to the extent of $400 and damaging and destroying defendants' goods to the extent of several thousand dollars. Defendants vacated the premises on January 30, 1915, and attempted to surrender the same pursuant to notices

theretofore and on that date given, asserting that the premises were so injured and damaged by fire as to be untenantable and unfit for occupancy.

The lease contained the clause:

"That in case the buildings on said demised premises shall without any fault or neglect on the part of said lessees, or of their servants or employees, be destroyed, or be so injured by the elements or any cause, as to be untenantable and unfit for occupancy, then the liability of said lessees for the rent of said premises thereafter, and all right to the possession thereof shall at once cease."

This provision seems to have been adopted from the statute, G. S. 1913, § 6810. The fire which occurred without fault or neglect on the part of the defendants, their agents or servants, so injured and damaged the premises as to render them untenantable and unfit for occupancy. Defendants remained in possession until January 30, 1915, for the sole purpose of having their loss adjusted by the insurance companies.

This action is brought for rent for the months of January and February, 1915. The case was tried to the court which found the facts substantially as above set out. Judgment was ordered for the plaintiff for the sum of $160, the rent for the month of January, 1915. Plaintiff moved for amended findings and for a new trial. Both motions being denied, he appeals.

Appellant's contentions can be resolved into two propositions: (1) That the evidence was not sufficient to support the finding of fact that the premises were untenantable or unfit for occupancy; and (2) that the defendants waived their right to surrender the premises and terminate the lease.

1. An examination of the record convinces us that the evidence is amply sufficient to justify the findings of fact made by the trial court. It would serve no useful purpose to enlarge upon the testimony given by the various witnesses.

2. We are also satisfied that the defendants were strictly within their legal rights when they vacated the premises and terminated the tenancy. The evidence is clear that no effort to put the premises in repair was made during the period between December 20 and January 30. It is urged that, by remaining in possession of the premises after the fire and

until the insurance was adjusted, defendants waived their rights to end the lease. This cannot be conceded. The record presents no facts from which we can infer a waiver.

Order affirmed.